UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SKATTEFORVALTNINGEN,

                        Plaintiff,

        vs.

JOHN VAN MERKENSTEIJN, RICHARD MARKOWITZ, BERNINA PENSION PLAN TRUST, RJM CAPITAL PENSION PLAN TRUST, 2321 CAPITAL PENSION PLAN, BOWLINE MANAGEMENT PENSION PLAN, CALIFORNIA CATALOG COMPANY PENSION PLAN, DAVIN INVESTMENTS PENSION PLAN, DELVIAN LLC PENSION PLAN, DFL INVESTMENTS PENSION PLAN, LAEGELER ASSET MANAGEMENT PENSION PLAN, LION ADVISORY INC. PENSION PLAN, MILL RIVER CAPITAL MANAGEMENT PENSION PLAN, NEXT LEVEL PENSION PLAN, RAJAN INVESTMENTS LLC PENSION PLAN, SPIRIT ON THE WATER PENSION PLAN, and TRADEN INVESTMENTS PENSION PLAN,

                        Defendants.

Case No. 19-cv-10713 (LAK)

---

**PLAINTIFF SKATTEFORVALTNINGEN'S RESPONSE TO
DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL FACTS[1]**

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, plaintiff Skatteforvaltningen ("SKAT") responds to defendants John Van Merkensteijn, Richard

---

1. Contrary to Pretrial Order No. 4 (ECF No. 2), defendants van Merkensteijn, Markowitz, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust filed their summary judgment motion papers in the individual action only and not in the master docket for this multidistrict litigation.

Markowitz, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust Statement of Material Facts as follows.

1. On April 5, 2018, counsel for Plaintiff Skatteforvaltningen ("SKAT") sent a signed Tolling Agreement "[r]egarding negotiations of the settlement agreement in regard to repayment of withheld dividend tax" to counsel for 118 pension plans, as well as the pension plans' trustees, predecessor plans, successor plans, and partners (the "Covered Parties"). Ex. 1 at 1.

**SKAT's Response:** Undisputed.

2. On April 13, 2018, Jakob Schilder-Knudsen, a Danish attorney who acted as counsel on behalf of all the Covered Parties, executed the Tolling Agreement (the "April 13, 2018 Tolling Agreement"). Ex. 1 at 2.

**SKAT's Response:** Undisputed.

3. An "Annex" referenced in the April 13, 2018 Tolling Agreement contains a list of the 118 pension plans covered by the Agreement. Ex. 1 at 1.

**SKAT's Response:** Undisputed.

4. Defendants Bernina Pension Plan Trust and RJM Capital Pension Plan Trust are pension plans listed in the "Annex" document and are therefore "Covered Parties" under the terms of the Tolling Agreement. Ex. 1 at 1; *see* Stipulation of Defendants John Van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, and RJM Capital Pension Plan Trust and Plaintiff Skatteforvaltningen Concerning Tolling Agreements at 2 ("Bernina Pension Plan Trust, RJM Capital Pension Plan Trust ... are Covered Parties pursuant to the terms of these Tolling Agreements.").

**SKAT's Response:** Undisputed.

5. Defendant John Van Merkensteijn is a trustee of Defendant Bernina Pension Plan Trust and thus is a "Covered Party" under the terms of the Tolling Agreement. Compl. ¶ 19; *see* Ex. 1 at 1. Defendant Richard Markowitz is a trustee of Defendant RJM Capital Pension Plan Trust and thus is a "Covered Party" under the terms of the Tolling Agreement. Compl. ¶ 20; *see* Ex. 1 at 1.

**SKAT's Response:** Undisputed.

6. On June 29, 2018, counsel for SKAT sent a signed Tolling Agreement seeking to "extend the duration of said tolling agreement" to counsel for the Covered Parties. Ex. 2 at 1.

**SKAT's Response:** Undisputed.

7. On July 11, 2018, Mr. Schilder-Knudsen, as counsel on behalf of all the Covered Parties, executed the Tolling Agreement (the "July 11, 2018 Tolling Agreement"). Ex. 2 at 2.

**SKAT's Response:** Undisputed.

8. On September 12, 2018, counsel for SKAT sent a signed Tolling Agreement seeking to "extend the duration of the ... tolling agreement" to counsel for the Covered Parties. Ex. 3 at 1.

**SKAT's Response:** Undisputed.

9. On September 28, 2018, Mr. Schilder-Knudsen, as counsel on behalf of all the Covered Parties, executed the Tolling Agreement (the September 28, 2018 Tolling Agreement"). Ex. 3 at 2.

**SKAT's Response:** Undisputed.

10. On October 22, 2018, counsel for SKAT sent a signed Tolling Agreement seeking to "extend the duration of the ... tolling agreement" to counsel for the Covered Parties. Ex. 4 at 1.

**SKAT's Response:** Undisputed.

11. On October 30, 2018, Mr. Schilder-Knudsen, as counsel on behalf of all the Covered Parties, executed the Tolling Agreement (the "October 30, 2018 Tolling Agreement"). Ex. 4 at 2.

**SKAT's Response:** Undisputed.

12. The language of the April 13, 2018, July 11, 2018, September 28, 2018, and October 30, 2018 Tolling Agreements is substantively identical, save for the progressive extension of the Agreement's Expiration Date. *See* Ex. 1 at 2, Ex. 2 at 1-2, Ex. 3 at 1-2, Ex. 4 at 1-2.

**SKAT's Response:** Undisputed.

13. The October 30, 2018 Tolling Agreement provided that, "[i]nsofar as SKAT is contemplating initiating litigation in connection with a scheme to obtain dividend tax refunds, SKAT and the Covered Parties find it mutually desirable" to agree to the following:

> SKAT and the Covered Parties have agreed as of January 1, 2018 (the "Effective Date") that any statutes of limitations, statutes of repose or other time-related claim or defense that would expire or become applicable during that period of time from the Effective Date through the earlier of August 1, 2018, or thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party and such notice is received, pertaining to any claim or defense relating in any way to SKAT's potential claims (the "Claims"), shall be and are tolled and waived and that any such statutes or time-related claims or defenses that would have expired or become applicable during such period shall expire or become applicable only at the conclusion of sixty (60) days from the expiration of this agreement in accordance with its terms.

Ex. 4 at 1.

**SKAT's Response:** Disputed because the statement does not quote accurately and fully the October 30, 2018 Tolling Agreement, which reads as follows:

> SKAT and the Covered Parties have agreed as of January 1, 2018 (the "Effective Date") that any statutes of limitations, statutes of repose or other time-related claim or defense that would expire or become applicable during that period of time from the Effective Date through the earlier of **December 31, 2018**, or thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party and such notice is received, pertaining to any claim or defense relating in any way to SKAT's potential claims (the "Claims"), shall be and are tolled and waived and that any such statutes or time-related claims

4

or defenses that would have expired or become applicable during such period shall expire or become applicable only at the conclusion of sixty (60) days from the expiration of this agreement in accordance with its terms. ***This agreement does not extend or affect the rights of any person or entity other than SKAT and the Covered Parties and may not be assigned or transferred without the prior written consent of the other Party, and any attempt to transfer or assign this agreement without such written consent shall immediately render it null and void.***

Schoenfeld Decl. Ex. 4 at 1-2 (emphasis added).

14. The October 30, 2018 Tolling Agreement continued:

The Expiration Date of this agreement shall be the earlier of (A) August 1, 2018, (B) the filing of any legal proceeding against any Covered Party, but only with respect to the Covered Party or Parties named as a defendant in such proceeding, or (C) thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party, and such notice is received, unless renewed by a written instrument signed by authorized representatives of SKAT and the Covered Parties prior to that date and time. On the Expiration Date, a party to this agreement shall have sixty (60) days from the Expiration Date to file any lawsuit relating to the Claims.

Ex. 4 at 2.

**SKAT's Response:** Disputed because the statement does not quote accurately the October 30, 2018 Tolling Agreement, which reads as follows:

The Expiration Date of this agreement shall be the earlier of (A) ***December 31, 2018***, (B) the filing of any legal proceeding against any Covered Party, but only with respect to the Covered Party or Parties named as a defendant in such proceeding, or (C) thirty days after any Party gives written notice to any other Party of its wish to terminate this Agreement with respect to that Party, and such notice is received, unless renewed by a written instrument signed by authorized representatives of SKAT and the Covered Parties prior to that date and time. On the Expiration Date, a party to this agreement shall have sixty (60) days from the Expiration Date to file any lawsuit relating to the Claims.

Schoenfeld Decl. Ex. 4 at 2 (emphasis added).

15. The October 30, 2018 Tolling Agreement provided that it would be "construed in accordance with the laws of New York." Ex. 4 at 2.

**SKAT's Response:** Undisputed.

16.     The Expiration Date for the October 30, 2018 Tolling Agreement was December 31, 2018. Ex. 4 at 2.

**SKAT's Response:**  Undisputed.

17.     SKAT and Defendants did not enter into a subsequent Tolling Agreement after the October 30, 2018 Tolling Agreement.

**SKAT's Response:**  Undisputed.

18.     The October 30, 2018 Tolling Agreement expired on December 31, 2018. Ex. 4 at 2.

**SKAT's Response:**  Undisputed.

19.     The October 30, 2018 Tolling Agreement provided that, "[o]n the Expiration Date, a party to this agreement shall have sixty (60) days from the Expiration Date to file any lawsuit relating to the Claims." Ex. 4 at 2.

**SKAT's Response:**  Undisputed that the statement quotes the October 30, 2018 Tolling Agreement accurately.

20.     The deadline for SKAT to file any lawsuit against Defendants related to "a scheme to obtain dividend tax refunds" was March 1, 2019.

**SKAT's Response:**  No response is required to this statement because it is not supported by a required citation to evidence in the record.  *See* Local Rule 56.1(d).  Thus, the Court should disregard the statement.  *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]here there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.").  Moreover, the Court should also disregard the statement as it constitutes an impermissible legal conclusion.  *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 394 (S.D.N.Y. 2015) (collecting cases), *aff'd in part sub nom. Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 945 F.3d 83 (2d Cir. 2019).  To the extent a response is required, it is disputed because the October 30, 2018 Tolling Agreement provides that the 60-day deadline applies to only those of SKAT's claims for which "any . . . statutes [of limitations] or time-related claims or defenses . . . would have expired or become applicable during [the tolling] period," not to any lawsuit against Defendants related to a scheme to obtain dividend tax refunds. (Schoenfeld Decl. Ex. 4 at 1-2.)

21. Between December 31, 2018 and March 1, 2019, SKAT filed twenty-one complaints against Covered Parties related to a purported tax scheme to obtain dividend tax refunds, including cases against Defendants. *See Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01808, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01812, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Fairlie Investments LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01791, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Albedo Mgmt. LLC Roth 401K Plan et al.*, Case No. 19-cv-01785, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Bareroot Capital Investments LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01783, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01792, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Loggerhead Services LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01806, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Trailing Edge Prods. LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01815, Compl. (S.D.N.Y. Feb. 26, 2019); *Skatteforvaltningen v. Eclouge Industry LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01870, Compl. (S.D.N.Y. Feb. 27, 2019); *Skatteforvaltningen v. Avanix Mgmt. LLC Roth 401K Plan et al.*, Case No. 19-cv-01867, Compl. (S.D.N.Y. Feb. 27, 2019); *Skatteforvaltningen v. Cavus Systems LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01869, Compl. (S.D.N.Y. Feb. 27, 2019); *Skatteforvaltningen v. Hadron Industries LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01868, Compl. (S.D.N.Y. Feb. 27, 2019); *Skatteforvaltningen v. Cedar Hill Capital Investments LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01922, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Green Scale Mgmt. LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01926, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Keystone Technologies LLC Roth 401(K) Plan et al.*, Case No. 19-cv-01929, Compl. (S.D.N.Y.

Feb. 28, 2019); *Skatteforvaltningen v. Batavia Capital Pension Plan et al.*, Case No. 19-cv-01895, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Remece Investments LLC Pension Plan et al.*, Case No. 19-cv-01911, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. RJM Capital Pension Plan et al.*, Case No. 19-cv-01898, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Routt Capital Pension Plan et al.*, Case No. 19-cv-01896, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Xiphias LLC Pension Plan et al.*, Case No. 19-cv-01924, Compl. (S.D.N.Y. Feb. 28, 2019); *Skatteforvaltningen v. Michelle Investments Pension Plan et al.*, Case No. 19-cv-01906, Compl. (S.D.N.Y. Feb. 28, 2019).

**SKAT's Response:**   Undisputed.

22.    On November 19, 2019, SKAT filed this action. *See* Compl. at 1-2.

**SKAT's Response:**   Undisputed.

23.    The November 19, 2019 complaint alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Compl. ¶ 2.

**SKAT's Response:**   Undisputed.

24.    The complaint filed in *Skatteforvaltningen v. Avanix Mgmt. LLC Roth 401K Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01867, Compl. (S.D.N.Y. Feb. 27, 2019) ¶ 2.

**SKAT's Response:**   Undisputed.

25. The complaint filed in *Skatteforvaltningen v. Hadron Industries LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01868, Compl. (S.D.N.Y. Feb. 27, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

26. The complaint filed in *Skatteforvaltningen v. Cavus Systems LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01869, Compl. (S.D.N.Y. Feb. 27, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

27. The amended complaint filed in *Skatteforvaltningen v. Eclouge Industry LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01870, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

28. The complaint filed in *Skatteforvaltningen v. Batavia Capital Pension Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01895, Compl. (S.D.N.Y. Feb. 28, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

29. The complaint filed in *Skatteforvaltningen v. Routt Capital Pension Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01896, Compl. (S.D.N.Y. Feb. 28, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

30. The complaint filed in *Skatteforvaltningen v. RJM Capital Pension Plan et al.*, which names Defendants Richard Markowitz and RJM Capital Pension Plan as defendants, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01898, Compl. (S.D.N.Y. Feb. 28, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

31. The complaint filed in *Skatteforvaltningen v. Michelle Investments Pension Plan et al.*, which names Defendants Richard Markowitz and John van Merkensteijn as defendants, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01906, Compl. (S.D.N.Y. Feb. 28, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

32. The complaint filed in *Skatteforvaltningen v. Remece Investments LLC Pension Plan et al.*, which names Defendants Richard Markowitz and John van Merkensteijn as defendants, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying

out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01911, Compl. (S.D.N.Y. Feb. 28, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

33. The complaint filed in *Skatteforvaltningen v. Xiphias LLC Pension Plan et al.*, which names Defendants Richard Markowitz and John van Merkensteijn as defendants, alleges that "[t]his case stems from a fraudulent tax refund scheme to deceive SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01924, Compl. (S.D.N.Y. Feb. 28, 2019) ¶ 2.

**SKAT's Response:** Undisputed.

34. In April 2020, SKAT filed amended complaints in several of the cases it had originally filed in February 2019.

**SKAT's Response:** Undisputed.

35. The amended complaint filed in *Skatteforvaltningen v. Bareroot Capital Investments LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01783, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

36. The amended complaint filed in *Skatteforvaltningen v. Albedo Mgmt. LLC Roth 401K Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7

billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01785, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

38. The amended complaint filed in *Skatteforvaltningen v. Fairlie Investments LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01791, Am. Compl. (S.D.N.Y. Apr. 21, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

38. The amended complaint filed in *Skatteforvaltningen v. First Ascent Worldwide LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01792, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

39. The amended complaint filed in *Skatteforvaltningen v. Loggerhead Services LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01806, Am. Compl. (S.D.N.Y. Apr. 20, 2020).

**SKAT's Response:** Undisputed.

40. The amended complaint filed in *Skatteforvaltningen v. PAB Facilities Global LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01808, Am. Compl. (S.D.N.Y. Apr. 21, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

41. The amended complaint filed in *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01812, Am. Compl. (S.D.N.Y. Apr. 21, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

42. The amended complaint filed in *Skatteforvaltningen v. Trailing Edge Prods. LLC Roth 401(K) Plan et al.*, which names Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01815, Am. Compl. (S.D.N.Y. Apr. 21, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

43. The amended complaint filed in *Skatteforvaltningen v. Cedar Hill Capital Investments LLC Roth 401(K) Plan et al.*, which includes Defendant Richard Markowitz as a

defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01922, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

44. The amended complaint filed in *Skatteforvaltningen v. Green Scale Mgmt. LLC Roth 401(K) Plan et al.*, which includes Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01926, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

45. The amended complaint filed in *Skatteforvaltningen v. Keystone Technologies LLC Roth 401(K) Plan et al.*, which includes Defendant Richard Markowitz as a defendant, alleges that "[t]his case stems from a fraudulent tax refund scheme that deceived SKAT into paying out over 12.7 billion Danish Kroner ('DKK'), the equivalent of approximately $2.1 billion (US), of allegedly withheld dividend tax." Case No. 19-cv-01929, Am. Compl. (S.D.N.Y. Apr. 20, 2020) ¶ 2.

**SKAT's Response:** Undisputed.

Dated: New York, New York
      May 31, 2024

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
    William R. Maguire
    Marc A. Weinstein
    Neil J. Oxford
    Dustin P. Smith
    Gregory C. Farrell
    One Battery Park Plaza
    New York, New York 10004-1482
    Telephone: (212) 837-6000
    Fax: (212) 422-4726
    bill.maguire@hugheshubbard.com
    marc.weinstein@hugheshubbard.com
    neil.oxford@hugheshubbard.com
    dustin.smith@hugheshubbard.com com
    gregory.farrell@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*