**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to:  18-cv-07828;
19-cv-01785; 19-cv-01867; 19-cv-01893;
19-cv-01781; 19-cv-01783; 19-cv-01866;
19-cv-01895; 19-cv-01794; 19-cv-01865;
19-cv-01904; 19-cv-01798; 19-cv-01869;
19-cv-01922; 19-cv-01800; 19-cv-01788;
19-cv-01870; 18-cv-07827; 19-cv-01791;
19-cv-01792; 19-cv-01928; 19-cv-01926;
19-cv-01868; 18-cv-07824; 19-cv-01929;
19-cv-01803; 19-cv-01806; 19-cv-01906;
19-cv-01801; 19-cv-01894; 19-cv-01808;
19-cv-01810; 19-cv-01809; 18-cv-04833;
19-cv-01911; 19-cv-01898; 19-cv-01812;
19-cv-01896; 19-cv-01871; 19-cv-01813;
19-cv-01930; 18-cv-07829; 18-cv-04434;
19-cv-01815; 19-cv-01818; 19-cv-01931;
19-cv-01918; 19-cv-01873; 19-cv-01924;
19-cv-10713; 21-cv-05339.

MASTER DOCKET

18-md-2865 (LAK)

## PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW ON CHOICE OF LAW FOR STANDARD OF PROOF OF FRAUD

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen*
*(Customs and Tax Administration of the*
*Kingdom of Denmark)*

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT...........................................................................................................................2

I.      The standard of proof for fraud is substantive under New York choice of law rules. ........2

II.     Under New York's interest analysis choice of law rules, the Danish standard of proof applies to SKAT's fraud and aiding and abetting fraud claims. .......................................6

CONCLUSION......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2002 Lawrence R. Buchalter Alaska Trust v. Philadelphia Fin. Life Assur. Co.*, 96 F. Supp. 3d 182 (S.D.N.Y. 2015)...........................................................................7

*Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F. Supp. 3d 1264 (D. Utah 2022) ...............................................................................................................5

*Arkoma Basin Expl. Co v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380 (Texas 2008)......................................................................................................................3

*Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98 (2d Cir. 2016)..........................................................................................................8

*Atomi, Inc. v. RCA Trademark Mgmt., S.A.S.*, No. 14-CV-7456 (VEC), 2015 WL 1433229 (S.D.N.Y. Mar. 30, 2015)........................................................................2

*Aviles v. S&P Glob., Inc.*, No. 17-CV-2987 (JPO), 2020 WL 1689405 (S.D.N.Y. Apr. 6, 2020) ..........................................................................................................9

*In re AXA Equitable Life Ins. Co. COI Litigation,* 595 F. Supp. 3d 196 (S.D.N.Y. 2022)..................................................................................................................9, 10

*In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 15-2666 (JNE/FLN), 2017 WL 5187832 (D. Minn. July 27, 2017) ............................5

*Benefield v. Pfizer Inc.*, 103 F. Supp. 3d 449 (S.D.N.Y. 2015)...................................9

*Bensen v. American Ultramar Ltd.,* No. 92CIV.4420(KMW)(NRB), 1997 WL 66780 (S.D.N.Y. Feb. 14, 1997) .....................................................................6

*Blair v. Inside Edition Prods.*, 7 F. Supp. 3d 348 (S.D.N.Y. 2014) ............................4

*BT Triple Crown Merger Co. v. Citigroup Global Markets Inc.*, No. 600899/08, 2008 WL 1970900 (Sup. Ct. N.Y. Cty. May 7, 2008) ............................................5

*City of Aventura Police Officers' Retirement Fund v. Arison*, 70 Misc.3d 234 (Sup. Ct. N.Y. Cty. Oct. 15, 2020)..........................................................................4

*Clark v. Harnischfeger Sales Corp.*, 238 A.D. 493 (2d Dep't 1933) ...........................5

*Conan Props., Inc. v. Mattel, Inc.*, 712 F. Supp. 353 (S.D.N.Y. 1989) .......................4

*Davis v. Scottish Re Grp. Ltd.*, 88 N.E.3d 892 (N.Y. 2017).....................................4, 6

*Fidelity Bank, Nat'l Ass'n v. Avrutick*, 740 F. Supp. 222 (S.D.N.Y. 1990)...................................4

*Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (1999) ..................................................3

*Gold Fields American Corp. v. Aetna Casualty & Surety Co,* 661 N.Y.S.2d 948
    (Sup. Ct. N.Y. Cty. 1997) ........................................................................................................5, 6

*Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392 (S.D.N.Y. 2018) .....................10

*Integrated Construction Enterprises, Inc. v. GN Erectors, Inc.*, No. 16 Civ. 5561
    (PAE), 2020 WL 614991 (S.D.N.Y. Feb. 10, 2020)...................................................................5

*Lerner v. Prince*, 119 A.D.3d 122 (1st Dep't 2014) ....................................................................2

*Levin v. Dalva Bros., Inc.*, 459 F.3d 68 (1st Cir. 2006) ................................................................5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp.3d 430
    (S.D.N.Y. 2018) ........................................................................................................................8

*Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155 (2d Cir. 2012) ...............................8, 9, 10

*Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45 (2d Cir. 2013) ...........................................8

*Lyman Commerce Solutions, Inc. v. Lung*, No. 12-cv-4398, 2014 WL 476307
    (S.D.N.Y. Feb. 6, 2014)...........................................................................................................10

*Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 89 F. App'x
    287 (2d Cir. 2004) .....................................................................................................................8

*Oliver Wyman, Inc. v. Eielson*, No. 15 Civ. 5305 (RJS), 2016 WL 5339549
    (S.D.N.Y. Sept. 22, 2016)..................................................................................................4, 8, 9

*Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001 (N.Y. 1994) .....................................................7

*Power Up Lending Grp., Ltd. v. Cardinal Energy Grp., Inc.*, No. 2:16-cv-1545
    (DRH) (ST), 2022 WL 426199 (E.D.N.Y. Feb. 11, 2022).......................................................8

*Putnam Res. v. Pateman*, 958 F.2d 448 (1st Cir. 1992)................................................................3

*RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206 (S.D.N.Y.
    2006)..........................................................................................................................................2

*Sack v. Low*, 478 F.2d 360 (2d Cir. 1973)....................................................................................8

*Simcuski v. Saeli*, 44 N.Y.2d 442 (1978)......................................................................................3

*Sun Oil Co. v. Wortman*, 486 U.S. 717 (1988) .............................................................................6

*Tanges v. Heidelberg N. Am., Inc.*, 93 N.Y.2d 48 (1999) .............................................................2

*Teledyne Indus., Inc. v. Eon Corp.*, 401 F. Supp. 729 (S.D.N.Y. 1975)...........................................4

*In re Thelen LLP*, 736 F.3d 213 (2d Cir. 2013).................................................................7

*Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, 612 F.
    Supp. 2d 267 (S.D.N.Y. 2009)..................................................................... 4, 9, 10

*Toretto v. Donnelley Fin. Solutions, Inc.*, 583 F. Supp. 3d 570 (S.D.N.Y. 2022).......................10

*Trainum v. Rockwell Collins, Inc.*, No. 16-cv-7005 (JSR), 2017 WL 2377988
    (S.D.N.Y. May 30, 2017) ........................................................................4

*Wolfe v. McNeil-PPC, Inc.*, 703 F. Supp. 2d 487 (E.D. Pa. 2010) ................................5

*Woodling v. Garrett Corp.*, 813 F.2d 543 (2d Cir. 1987) ............................................6

*Wright v. Palmison,* 237 A.D. 22 (2d Dep't 1932) ....................................................6

*Wultz v. Bank of China Ltd.*, 865 F. Supp. 2d 425 (S.D.N.Y. 2012) ...........................10

## Treatises and Periodical Materials

Restatement (Second) of Conflict of Laws § 133..................................................3, 6

Restatement (Second) of Conflict of Laws § 148 cmt. j ..............................................7

Wigmore, *Evidence* § 5 (Tillers rev. 1983) .........................................................3

Pursuant to the Court's Order dated November 19, 2024 (ECF No. 1234), plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law concerning whether New York or Danish law governs SKAT's burden of proof on its fraud claims.

## PRELIMINARY STATEMENT

As SKAT previously explained in its June 24, 2024 brief on foreign law and choice of law, New York and Danish law conflict with respect to SKAT's fraud claims. ("SKAT's Br.," ECF No. 1071, at 4-6.) New York law requires a plaintiff to prove a fraud claim by clear and convincing evidence, while in Denmark, a preponderance of the evidence is sufficient.[1]

New York's clear and convincing evidence requirement is not, as defendants argue, a procedural rule that the forum applies automatically under New York's choice of law rules. Rather, it is a substantive ingredient of a New York common law fraud claim and qualifies the plaintiff's underlying right. In arguing otherwise, defendants confuse the procedural issue of which party bears the burden of proof on a particular issue with the substantive issue of the quantum of evidence required to establish liability on a claim. And courts in New York and other states repeatedly have treated evidentiary standards, such as New York's clear and convincing evidence requirement for fraud claims, as substantive law subject to a choice of law analysis.

Under New York's interest analysis choice of law rules for tort claims, Denmark has the greater interest in having its law apply to SKAT's fraud claims. Denmark is the jurisdiction

---

1. Defendants argue that the Danish standard of proof for fraud claims is higher than a preponderance of the evidence, but the authorities on which they rely do not establish that a Danish court would require more than a preponderance of the evidence for SKAT to establish its fraud claims against the defendants. ("Defs. Resp. Br.," ECF No. 1114, at 2-3.) Even according to defendants' Danish law expert Mr. Pilgaard, "it is not possible to establish general rules for the assessment of the standard of proof, as ultimately, the decisive factor is whether the evidence is of such strength that it is sufficient to convince the court, which depends on the specific case." (ECF No. 1115 at ¶ 13.)

where defendants made the fraudulent representations to SKAT in the tax refund claims and it is

the jurisdiction where SKAT relied on those misrepresentations and suffered injury.  But even if,

as defendants argue, their wrongful conduct occurred primarily in New York, Denmark still has

the greater interest.  Where the wrongful conduct is directed at the plaintiff in the jurisdiction

where the injury occurred, as is generally the case for fraud, it is the place of the injury, *i.e.*, here,

Denmark, that has the stronger interest, not the jurisdiction where the wrongful conduct

occurred.

## ARGUMENT

I.    **The standard of proof for fraud is substantive under New York choice of law rules.**

"The first inquiry in a New York choice-of-law analysis is whether the rule is considered

procedural or substantive."  *Atomi, Inc. v. RCA Trademark Mgmt., S.A.S.*, No. 14-CV-7456

(VEC), 2015 WL 1433229, at *4 (S.D.N.Y. Mar. 30, 2015) (internal quotation omitted).  That is

a "key analytic step" because "matters of procedure are governed by the law of the forum,"

whereas "matters of substantive law fall within the course charted by choice of law analysis."

*Tanges v. Heidelberg N. Am., Inc.*, 93 N.Y.2d 48, 53 (1999) (internal quotation omitted).

Under the "substance-procedure framework," "issues relating closely to the underlying

right [are] substantive and issues dealing with the remedy, or the means by which the right is

enforced, [are] procedural."  *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d

206, 212 (S.D.N.Y. 2006).  Thus, matters that go to "ingredient[s] of the cause" of action or

those that "qualif[y] the right" are "substantive," *Tanges*, 93 N.Y.2d at 56 (internal quotations

omitted), while matters "affecting the conduct of the litigation" generally are procedural.  *Lerner*

*v. Prince*, 119 A.D.3d 122, 128 (1st Dep't 2014).  And in classifying issues as substantive or

procedural, New York courts also consider "several policy considerations that underlie the . . .

dichotomy," including "judicial efficiency, forum-shopping, fairness to all parties, and the public policy of New York." *RLS Assocs., LLC*, 464 F. Supp. 2d at 212.

In arguing that New York's clear and convincing evidence requirement is procedural, defendants conflate "burden of proof," in the sense of which party has the burden of persuading the court or the jury on a particular issue, with "burden of proof," in the sense of the quantum of evidence required. (Defs. Resp. Br. at 4-5.) But while the burden of proof in the former sense is generally a matter of the forum's procedural law,[2] the burden of proof in the sense of New York's clear and convincing evidence requirement should be classified as substantive. *Cf. Arkoma Basin Expl. Co v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 383 (Texas 2008) (applying Virginia's "heightened standard" of "clear and convincing evidence" for fraud claims because it "is more substantive than procedural").[3]

The clear and convincing evidence requirement is an essential ingredient of a New York common law fraud claim, as defined by the New York Court of Appeals, or at the least, qualifies a plaintiff's right to recover for fraud. *See, e.g.*, *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 349-350 (1999) ("The elements of fraud are narrowly defined, requiring proof by clear and convincing evidence."); *Simcuski v. Saeli*, 44 N.Y.2d 442, 452 (1978) ("[A]s in the instance of fraud claims generally, this plaintiff, too, will be required to prove her claim by clear

---

2.   *See* Restatement (Second) of Conflict of Laws § 133 ("The forum will apply its own local law in determining which party has the burden of persuading the trier of fact on a particular issue unless the primary purpose of the relevant rule of the state of the otherwise applicable law is to affect decision of the issue rather than to regulate the conduct of the trial.").

3.   *See also Putnam Res. v. Pateman*, 958 F.2d 448, 464 n.17 (1st Cir. 1992) (quoting 1 Wigmore, *Evidence* § 5 at 358 n.11 (Tillers rev. 1983)) ("Burdens of proof, sufficiency of evidence and presumptions are sometimes treated as substantive and sometimes as procedural, with burdens of proof and those evidentiary rules thought to affect burdens of proof being most often treated as substantive.").

and convincing evidence.").  As such, the issue should be classified as substantive for purposes of New York's choice of law rules.

Policy considerations also weigh in favor of doing so.  For instance, treating the quantum of proof required for a fraud claim as substantive would not impose any burden on New York courts or federal courts exercising diversity jurisdiction, as such courts "appl[y] other states' and countries' substantive laws with regularity."  *Davis v. Scottish Re Grp. Ltd.*, 88 N.E.3d 892, 888 (N.Y. 2017).  And "at the same time" treating the issue as substantive "discourages forum shopping" because the same evidentiary standard will apply to fraud claims "wherever they are brought."  *City of Aventura Police Officers' Retirement Fund v. Arison*, 70 Misc.3d 234, 253 (Sup. Ct. N.Y. Cty. 2020).  Nor is there anything unfair to defendants in applying the Danish standard of proof to SKAT's fraud claims arising from the fraud defendants perpetrated against Denmark.[4]

Thus, in *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, the court found that New York's requirement that fraud "allegations must be proven by clear and convincing evidence, not merely by a preponderance as under Massachusetts law" "establish[ed] that a conflict exists" between the two states' laws, necessitating a choice of law analysis.  612 F. Supp. 2d 267, 283 (S.D.N.Y. 2009) (internal quotation omitted); *see also Oliver Wyman, Inc. v. Eielson*, No. 15 Civ. 5305 (RJS), 2016 WL 5339549, at *3 (S.D.N.Y. Sept. 22, 2016) (same).  Likewise, in *Teledyne Industries, Inc. v. Eon Corp.*, the court held that California law applied, including its preponderance of the evidence standard for fraud claims.  401 F. Supp. 729, 737 n.7

---

4.  While governed by a different standard, for *Erie* purposes, New York's clear and convincing evidence requirement for fraud claims is also treated as "a substantive requirement of New York law, rather than a merely procedural one."  *Trainum v. Rockwell Collins, Inc.*, No. 16-cv-7005 (JSR), 2017 WL 2377988, at *12 (S.D.N.Y. May 30, 2017).

(S.D.N.Y. 1975).[5]  And, conversely, in *Integrated Construction Enterprises, Inc. v. GN Erectors, Inc.*, the court found that there was no conflict between New York and New Jersey law in part because "[t]he burden of proof in each state" for fraud "is clear and convincing evidence."  No. 16 Civ. 5561 (PAE), 2020 WL 614991, at *4 (S.D.N.Y. Feb. 10, 2020).[6]

Further, the court's conclusory statement in *BT Triple Crown Merger Co. v. Citigroup Global Markets Inc.*, (Defs. Resp. Br. 4), that New York's clear and convincing evidence requirement for fraud claims is procedural is not persuasive because the cases on which it relied do not support that conclusion.  No. 600899/08, 2008 WL 1970900, at *5 n.5 (Sup. Ct. N.Y. Cty. May 7, 2008).  The first, *Clark v. Harnischfeger Sales Corp.*, just held that "the question of burden of proof of freedom from contributory negligence," *i.e.*, whether plaintiff or defendant bears the burden on the issue, "is a rule of evidence and provable according to the law applicable in the State of New York."  238 A.D. 493, 495 (2d Dep't 1933).  And the second, *Gold Fields American Corp. v. Aetna Casualty & Surety Co.*, simply noted the uncontroversial proposition

---

5.  *See also Conan Props., Inc. v. Mattel, Inc.*, 712 F. Supp. 353, 366 n.24 (S.D.N.Y. 1989) (internal citations omitted) (applying New York's "clear and convincing evidence" requirement because "New York's choice of law rules compel the application of New York substantive law"); *Fidelity Bank, Nat'l Ass'n v. Avrutick*, 740 F. Supp. 222, 228 (S.D.N.Y. 1990) (applying Oregon law's clear and convincing evidence requirement for fraud claims); *cf. Blair v. Inside Edition Prods.*, 7 F. Supp. 3d 348, 357-58 (S.D.N.Y. 2014) (no choice of law analysis needed on defamation claim because "[b]oth New York and Michigan go beyond the constitutional minimum and require public figures to demonstrate falsity by clear and convincing evidence").

6.  The quantum of proof required to establish liability is also treated as substantive under other states' choice of law rules.  *See, e.g., Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 73-74 (1st Cir. 2006) (finding conflict between "the substantive law" of New York and Massachusetts law "concerning . . . fraud claims" because of New York's clear and convincing evidence requirement); *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 15–2666 (JNE/FLN), 2017 WL 5187832, at *5-6 (D. Minn. July 27, 2017) (finding no conflict between certain states' "substantive law" concerning "entitlement to punitive damages" in part because each state required proof "by clear and convincing evidence"); *Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F. Supp. 3d 1264, 1280 (D. Utah 2022) ([T]the court agrees . . . that there is a conflict between Utah and Ohio law regarding the burden of proof required to establish a fraud claim" because "Utah law requires . . . clear and convincing evidence" while "Ohio law requires . . . only the preponderance of the evidence."); *Wolfe v. McNeil-PPC, Inc.*, 703 F. Supp. 2d 487, 492-93 (E.D. Pa. 2010) (finding conflict between Pennsylvania and Maine law because "punitive damages must be proven only by a preponderance of the evidence" in Pennsylvania, but "by clear and convincing evidence" in Maine).

that the "burden of proof for the grant of summary judgment . . . . is procedural and is governed by law of the New York forum," *i.e.*, the CPLR, not some other state's procedural rules, apply. 661 N.Y.S.2d 948, 949 (Sup. Ct. N.Y. Cty. 1997).[7]

The rest of the cases on which defendants rely addressed burden of proof in the sense of which party bears it or are further afield.  (Defs. Resp. Br. 4-5.)  For instance, in *Woodling*, the Court held that the "trial court properly instructed the jury" on which party "had the burden of proving" the validity of the release at issue because "[t]he question of burden of proof . . . is regarded by New York law as a question of procedure to which the law of the forum applies." 813 F.2d at 552-53.  Similarly, *Wright v. Palmison* held that "the burden of proving plaintiff's freedom from contributory negligence," *i.e.*, whether the burden is on the plaintiff or defendant, "is governed by" the forum's law.  237 A.D. 22, 22 (2d Dep't 1932).  And *Davis* concluded that a Cayman Islands threshold requirement for shareholder derivative actions was procedural and applies only in Cayman courts, not in New York State courts, where CPLR 3211 and 3212 "are the procedural rules that apply" to "effectively weed out claims which are insufficient or meritless." 88 N.E.3d at 898.

## II.    Under New York's interest analysis choice of law rules, the Danish standard of proof applies to SKAT's fraud and aiding and abetting fraud claims.

As SKAT explained in its foreign law brief, under New York's "interest analysis" choice of law rules for tort claims, Danish law applies to SKAT's fraud claims to the extent New York and Danish law conflict, as they do with respect to the quantum of proof required to establish

---

7.   Likewise, in *Bensen v. American Ultramar Ltd.*, the court concluded "that New York law govern[ed]" whether the "burden of proof" was clear and convincing evidence or a preponderance of the evidence for a particular claim, but the authorities it cited did not address that issue.   No. 92CIV.4420(KMW)(NRB), 1997 WL 66780, at *14 n. 26 (S.D.N.Y. Feb. 14, 1997) (citing *Woodling*, 813 F.2d 543, 552 (2d Cir. 1987) (discussed below); *Sun Oil Co. v. Wortman*, 486 U.S. 717, 728-29 (1988) (holding state's classification of statute of limitations as procedural was not unconstitutional); Restatement (Second) of Conflict of Laws § 133 (addressing "the burden of persuading the trier of fact on a particular issue")).

liability for fraud.  (SKAT Br. 4-5.)  Defendants argue New York has the greater interest in its law applying to SKAT's fraud claims because the "wrongful conduct SKAT alleges" supposedly "all took place outside of Denmark, primarily in New York," and where the wrongful conduct and injury occur in different places, "there is a presumption that the law of the place of the allegedly wrongful conduct applies."  (Defs. Resp. Br. 5-8.)

But as an initial matter, the fraudulent representations SKAT alleges were made in Denmark where SKAT received the plans' refund claims, not in New York.  And Denmark is likewise the jurisdiction where SKAT paid the refund claims and suffered injury.  *See* Restatement (Second) of Conflict of Laws § 148 cmt. j ("when the plaintiff acted in reliance upon the defendant's representations in a single state, this state will usually be the state of the applicable law, with respect to most issues, if (a) the defendant's representations were received by the plaintiff in this state, or (b) this state is the state of the plaintiff's domicil[e] or principal place of business, or . . . (d) this state is the place where the plaintiff was to render at least the great bulk of his performance").

Even assuming *arguendo* that defendants' wrongful conduct occurred "primarily in New York," Denmark still would have the greater interest in its law applying to SKAT's fraud claims. (Defs. Resp. Br. 5-8.)  Where, as here, the conflict concerns "conduct regulating," as opposed to "loss allocation," rules, the "place of the tort" will usually have the strongest interest in having its law applied.  *Padula v. Lilarn Props. Corp.*, 644 N.E.2d 1001, 1002-03 (N.Y. 1994).[8]  And "for claims based on fraud, the locus of the tort is generally deemed to be the place where the injury was inflicted, rather than where the fraudulent act originated."  *In re Thelen LLP*, 736 F.3d

---

8.  *See also 2002 Lawrence R. Buchalter Alaska Trust v. Philadelphia Fin. Life Assur. Co.*, 96 F. Supp. 3d 182, 217 (S.D.N.Y. 2015) (quotation omitted) ("A tort occurs in the place where the injury was inflicted, which is generally where the plaintiffs are located.").

213, 220 (2d Cir. 2013).[9]  Thus, applying New York's interest analysis, "the Appellate Division and numerous courts in this district have concluded that fraud claims are governed by the law of the state in which the injury occurred." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp.3d 430, 575-76 (S.D.N.Y. 2018) (collecting cases).

Defendants' argument to the contrary that the place of the wrongful conduct presumptively has the greater interest in conflicts involving fraud claims rests on a misinterpretation of the Second Circuit's holding in *Licci v. Lebanese Canadian Bank, SAL* that where the wrong and injury occur in different jurisdictions, "it is the place of the allegedly wrongful conduct that generally has superior 'interests in protecting the reasonable expectations of the parties who relied on the [laws of that place] to govern their primary conduct." 739 F.3d 45, 50 (2d Cir. 2013) ("*Licci II*") (alteration in original) (quoting *Schultz v. Boy Scouts of Am.*, 480 N.E.2d 679, 685-85 (NY 1985)).  The conflict in *Licci* concerned not fraud claims, but rather "the scope of a bank's duty to protect third parties against intentional torts committed by the bank's customers." *Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 158 (2d Cir. 2012) ("*Licci I*").  Since all the bank's challenged conduct occurred in New York, the Second Circuit concluded that New York law applied to the plaintiffs' negligence claims because New York had

---

9.  *Accord Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 89 F. App'x 287, 288 (2d Cir. 2004) (citing *Sack v. Low*, 478 F.2d 360, 366 (2d Cir. 1973)) ("Under New York conflict of law principles, fraud claims are governed by the state in which the injury is deemed to have occurred, which is usually where the plaintiff is located."); *Power Up Lending Grp., Ltd. v. Cardinal Energy Grp., Inc.*, No. 2:16-cv-1545 (DRH) (ST), 2022 WL 426199, at *8 (E.D.N.Y. Feb. 11, 2022) (internal quotation omitted) ("New York recognizes the jurisdiction where the injury was inflicted, rather than where the fraudulent act originated, has the greatest interest in a fraud claim"); *Oliver Wyman*, 2016 WL 5339549, at *4 (quotation omitted) ("In a fraud claim, the locus of the tort is generally deemed to be the place where the injury was inflicted, rather than where the fraudulent act originated."); *cf. Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 109-10 (2d Cir. 2016) ("[T]he locus of a Section 10(b) claim is the place where the plaintiff suffers economic loss from reliance on the defendant's misrepresentations.").

8

"the stronger interest in regulating the conduct of New York-based banks operating in New York." *Id.*

But "[w]hereas *Licci* involved intervening criminal acts by third parties," defendants here "allegedly intended their actions to cause injury to" SKAT in Denmark. *Oliver Wyman*, 2016 WL 5339549, at *4. "Thus, unlike in *Licci*, 'the location of the alleged injury here was not a mere fortuity, but the result of [d]efendants' deliberate efforts.'" *Id.* (quoting *Benefield v. Pfizer Inc.*, 103 F. Supp. 3d 449, 459 (S.D.N.Y. 2015)). And "[w]hen the wrongful conduct has a direct relationship to the locus of the injury, the place of the injury 'will usually have a predominant, if not exclusive, concern.'" *Aviles v. S&P Glob., Inc.*, No. 17-CV-2987 (JPO), 2020 WL 1689405, at *4 (S.D.N.Y. Apr. 6, 2020) (quoting *Babcock v. Jackson*, 191 N.E.2d 279, 284 (N.Y. 1964)).

*In re AXA Equitable Life Insurance Co. COI Litigation* is similarly inapt. 595 F. Supp. 3d 196 (S.D.N.Y. 2022). In *AXA*, the court held that New York, not California, where the plaintiffs suffered injury, had the stronger interest in applying its law to misrepresentation claims based on insurance law because "AXA is a New York company headquartered in New York, and New York has a compelling interest in regulating the conduct of insurers based" in New York. *Id.* at 239 (internal citation omitted). The court recognized the "traditional rule" that "the locus of the tort" for fraud claims "is generally deemed to be the place where the injury was inflicted," but concluded that "where the loss was suffered is not conclusive and does not trump a full interest analysis." *Id.* (internal quotations omitted); *accord Licci I*, 672 F.3d at 157-58 (internal quotation omitted) ("Interest analysis is a flexible approach intended to give controlling effect to the law of the jurisdiction which . . . has the greatest concern with the specific issue raised in the litigation.").

9

Similarly, in *Thomas H. Lee Equity Fund V, L.P.*, the court noted that "the jurisdiction with the greatest interest is generally the jurisdiction in which the loss occurred."  612 F. Supp. 2d at 284.  But because the "analysis is flexible" and "the overwhelming bulk of events surrounding the alleged negligent misrepresentation and underlying fraud occurred in New York," the court concluded it would be "unreasonable to allow Massachusetts law to dictate the appropriate conduct for accountants or legal professionals vis-a-vis non-client third-parties where substantially all of the events occurred in New York."  *Id.* at 284 (alterations and internal quotation omitted).  Here, unlike in *Licci*, *AXA*, and *Thomas H. Lee Equity Fund*, the defendants are not New York-regulated banks, insurers, accountants, or lawyers.  And defendants have failed to identify any countervailing New York interest that would outweigh Denmark's in having its law applied to SKAT's claims arising from defendants' fraud on the Danish state.[10]

## CONCLUSION

For the reasons set forth above and in SKAT's June 24, 2024 memorandum of law on foreign law and choice of law, the Court should instruct the jury that the Danish preponderance of the evidence, not the New York clear and convincing evidence, standard applies to SKAT's fraud claims.

---

10.  The other cases on which defendants rely have little to say about whether New York or Denmark has the greater interest in having its law apply to SKAT's fraud claims because they involve conflicts with respect to negligence or constructive fraudulent conveyance claims.  *See Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 589 (S.D.N.Y. 2022) (applying law of place of allegedly negligent conduct when plaintiff made "no factual allegations linking Mediant's data security practices with any other state"); *Lyman Commerce Solutions, Inc. v. Lung*, No. 12-cv-4398, 2014 WL 476307, at *4 (S.D.N.Y. Feb. 6, 2014) (New York law applied to constructive fraudulent conveyance claims where fraudulent transfers were made in New York); *Wultz v. Bank of China Ltd.*, 865 F. Supp. 2d 425, 429 (S.D.N.Y. 2012) (Chinese law applied to plaintiffs' negligence claims because "China's interest in regulating bank conduct within its borders is dispositive"); *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 398-400 (S.D.N.Y. 2018) (applying New York law to claim of negligent failure to recommend and secure insurance).

Dated: New York, New York
        December 11, 2024

HUGHES HUBBARD & REED LLP


By: /s/ Marc A. Weinstein
   William R. Maguire
   Marc A. Weinstein
   Neil J. Oxford
   Dustin P. Smith
   Gregory C. Farrell
   One Battery Park Plaza
   New York, New York 10004-1482
   Telephone: (212) 837-6000
   Fax: (212) 422-4726
   bill.maguire@hugheshubbard.com
   marc.weinstein@hugheshubbard.com
   neil.oxford@hugheshubbard.com
   dustin.smith@hugheshubbard.com com
   gregory.farrell@hugheshubbard.com

   *Counsel for Plaintiff Skatteforvaltningen*
   *(Customs and Tax Administration of the*
   *Kingdom of Denmark)*